## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BETTY PETERSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01328 ERW |
| ) | |
| RUSCH, INC. and THOMAS WIDOWSKI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Remand [doc. #8].

**I.  BACKGROUND FACTS**

On June 9, 2005, Plaintiff Betty Peterson ("Plaintiff") brought claims in the Circuit Court for the City of St. Louis against two defendants for injuries she allegedly suffered during an August 25, 2003 diagnostic bronchoscopy performed by Dr. Evelio Sardina and others at St. Luke's Hospital in St. Louis County. Plaintiff alleges that, during the surgery, she suffered a bilateral pneumothorax, resulting in numerous permanent injuries to her heart, lungs, brain and kidney. In Count One of her Petition, Plaintiff brings a strict liability claim against Defendant Rusch, Inc. ("Defendant Rusch"), in which she alleges that Defendant Rusch manufactured and placed into the channels of commerce the defective pulmonary intubation device that caused her injuries. Count Two is a negligence claim against Defendant Rusch in which Plaintiff alleges that Defendant Rusch was negligent in the manner in which it manufactured and distributed the pulmonary intubation device. In Count Three, Plaintiff alleges that Defendant Thomas Widowski ("Defendant Widowski"), as a representative of Defendant Rusch acting within the course, scope, and nature of their employment relationship, acted negligently

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in instructing and training on the use of the pulmonary intubation device in that he failed to make certain warnings.

Plaintiff is a citizen of Missouri. Defendant Rusch is a citizen of the states of Georgia and North Carolina. Defendant Widowski is a citizen of Missouri. On August 24, 2005, Defendant Rusch timely removed this action on the ground that Defendant Widowski was fraudulently misjoined in this action. On September 14, 2005, Plaintiff filed the instant Motion for Remand.

## II.  REMOVAL STANDARDS

A civil action brought in a state court may be removed to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Such an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Accordingly, the Court lacks diversity jurisdiction over a removed case where one of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b); *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). Thus, a court must be cognizant of the reality that, "[i]n diversity cases, the federal court's jurisdiction can be subverted by fraudulent joinder of resident defendants to defeat diversity." *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1069 (8th Cir. 1996).

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). When a plaintiff has joined a non-diverse party as a defendant, remand may be avoided "only by demonstrating that the non-diverse party was fraudulently joined." *Id.* In

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

determining whether a defendant has been fraudulently joined, the court "should give paramount consideration to the reasonableness of the basis underlying the state claim." *Id.* at 810. "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant," fraudulent joinder exists and the federal court should retain jurisdiction over the case. *Id.* (internal quotation marks omitted). On the other hand, "[i]f there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." *Id.* Therefore, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved . . . [, and] the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811.

The party who invokes jurisdiction bears the burden of proving that all prerequisites to jurisdiction are satisfied. *See Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *Manning v. Wal-Mart Stores E., Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004). Specifically, "[w]hen a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. This burden is substantial." *Dorsey v. Sekisui America Corp.*, 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1999) (internal citation omitted).

### III. DISCUSSION

In her Motion, Plaintiff contends that she has stated a valid claim of negligence against Defendant Widowski because, under Missouri law, employees and managers of corporations can be individually responsible for negligence claims. Plaintiff states that this Court's determination as to whether Defendant Widowski has been fraudulently joined must be based on the contents of the pleadings alone. According to Plaintiff, complete diversity of citizenship does not exist because

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant Widowski is a Missouri citizen, and this case must be remanded to the state court from which it was removed. Defendant Rusch argues that Defendant Widowski has been fraudulently joined and that his citizenship should therefore be ignored for purposes of determining this Court's jurisdiction.

Plaintiff argues that the Court cannot consider anything other than the face of the pleadings in making a determination as to whether it has jurisdiction over this case. Plaintiff cites *Anderson v. Home Inc. Co.*, 724 F.2d 82 (8th Cir. 1983), in support of this proposition. *Anderson*, however, does not specifically address whether this Court can consider an affidavit when deciding whether a defendant has been fraudulently joined. *See Federal Beef Processors, Inc. v. CBS Inc.*, 851 F.Supp. 1430, 1435 (D.S.D. 1994) (rejecting argument that *Anderson* represents an affirmative prohibition on a district court considering evidence outside the pleadings).[1] Rather, *Anderson* merely instructs that "[f]raudulent joinder exists if, on the face of the plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson*, 724 F.2d at 84. At least some district courts in this Circuit have determined that it is permissible to consider evidence outside the pleadings in determining whether a defendant has been fraudulently joined. *See Parnas v. Gen. Motors Corp.*, 879 F.Supp. 91, 93 (E.D. Mo. 1995) (court may consider pleadings, supporting affidavits, and the motion for remand); *Monroe v. Consol. Freightways, Inc.*, 654 F.Supp. 661, 663 (E.D. Mo. 1987) (same); *Brown v. Southland Corp.*, 620 F.Supp. 1495, 1497 (E.D. Mo. 1985) (defendants may submit affidavits and deposition transcripts). *But see Schwenn v. Sears, Roebuck & Co.*, 822 F.Supp. 1453, 1455 (D. Minn. 1993) (rejecting argument that court can look outside of pleadings in resolving

---

[1] Plaintiff cites to no other authority in support of its claim that the Court cannot consider evidence outside of the pleadings.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

motion to remand).[2] Plaintiff's contention that the Court cannot consider evidence outside of the pleadings in determining whether a defendant has been fraudulently joined in unpersuasive. The Court finds persuasive the reasoning of the cases cited by Defendant Rusch in support of its contention that the Court can consider an affidavit in making its determination as to whether Defendant Widowski has been fraudulently joined.

Before the Court is an affidavit signed by Defendant Widowski. In his affidavit, Defendant Widowski states that he was employed by Defendant Rusch from May 2001 to July 2004 as a sales representative. He further states that his business and home address during that employment was in Town and Country, Missouri, in St. Louis County. According to Defendant Widowski, he never distributed or placed into the stream of commerce the pulmonary intubation device used in Plaintiff's surgery. He further states that he has never provided training or instruction regarding the safe use of Defendant Rusch's pulmonary intubation device to health care providers at Washington University/Barnes Hospital Medical complex in the City of St. Louis and that he has never provided training to Dr. Evelio Sardina regarding the use of Defendant Rusch's pulmonary intubation device.

---

[2]Other circuits have determined that evidence outside the pleadings may be considered. *See, e.g., Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (court may consider evidence in the record; must take into account all unchallenged factual allegations in light most favorable to plaintiff); *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999) (court not bound by allegations in pleadings, but may consider entire record and determine basis of joinder by any means available).
Moreover, it appears that the Eighth Circuit does not disapprove of the practice of considering evidence outside of the pleadings when determining whether a defendant has been fraudulently joined. *See In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993) (in rejecting argument that district court should have held an evidentiary hearing to resolve doubts about federal jurisdiction on a motion to remand, court stated that no hearing had been requested and that district court did not abuse discretion by not conducting a hearing on its own motion). *See also Federal Beef Processors*, 851 F.Supp. at 1436 (taking view that Eighth Circuit's holding in *In re Business Men's Assurance Co.* suggests that receiving extra-pleading evidence on a motion for remand might be appropriate).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Finally, he states that he has never provided education or training to any health care provider regarding the use of a Rusch, Inc. "T-valve" catalogue No. 395945 or No. 395307. See Def.'s Ex. A.

Plaintiff's allegations with respect to Defendant Widowski are that (1) "Defendant Widowski provided training and instruction to certain health care providers, including Dr. Evelio Sardina, in the City of St. Louis at the Washington University/Barnes Hospital medical complex regarding the safe installation and use of Defendant Rusch's pulmonary intubation device and its component parts"; (2) "Defendant Widowski failed to warn or otherwise advise Dr. Sardina and other health care professionals about the potential mispplication of the inhalation and exhalation valves"; and (3) "Defendant Widowski failed to warn or otherwise advise Dr. Sardina and other health care professionals about the potential that the pulmonary intubation device could prevent exhalation of air from the lungs." Pet. at ¶ 4, 16. From the evidence before the Court, it appears clear that Defendant Widowski did not provide any training to Dr. Sardina or to anyone else at the Washington University/Barnes Hospital. Further, the evidence before the Court demonstrates that Defendant Widowski did not provide or have any connection with the intubation device at issue in this case. Plaintiff has made no attempt to counter the evidence that Defendant Widowski was not involved with any of the occurrences alleged in Plaintiff's Petition.[3] Thus, it appears that Plaintiff does not dispute the truth of the facts contained in the Widowski affidavit. Defendant Rusch has met its burden of demonstrating that Defendant Widowski was improperly joined. The record before the Court indicates that Plaintiff will not be able to make out a negligence claim against Defendant

---

[3]Though Plaintiff had the opportunity to do so, Plaintiff apparently chose not to file a Reply brief in support of her Motion. Moreover, Plaintiff has filed no affidavits or any other form of evidence for this Court's consideration.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Widowski.

In sum, there is no basis in fact for a claim against Defendant Widowski, and he has been fraudulently joined.[4] Defendant Widowski's citizenship will be ignored for purposes of determining jurisdiction. Because complete diversity exists between Plaintiff and Defendant Rusch, jurisdiction was properly invoked and removal to this Court was proper. Therefore, Plaintiff's Motion to Remand will be denied and Defendant Widowski will be dismissed. *See, e.g., Jackson v. Allstate Ins. Co.*, 132 F.Supp.2d 432, 434 (N. D. W. Va. 2000) (dismissing fraudulently joined defendant); *Cook v. Pep Boys – Mannie, Moe & Jack, Inc.*, 641 F.Supp. 43, 46 (E.D. Pa. 1985) (if nondiverse party is found to have been fraudulently joined, it may be dismissed and ignored for purposes of determining whether removal was proper).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [doc. #8] is **DENIED**.

**IT IS FURTHER ORDERED** that the claim against Defendant Widowski is **DISMISSED with prejudice**. An appropriate order of dismissal will accompany this Order.

Dated this 12th day of January, 2006.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[4] *See Brown v. Southland Corp.*, 620 F.Supp. 1495 (E.D. Mo. 1985) (finding fraudulent joinder where the record, including supporting affidavits showing that non-diverse defendant was not involved in the occurrences alleged by plaintiff, showed that there was no basis in fact for the claim against the non-diverse defendant).

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com